**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELONZA J. TYLER,  |  CASE NO. CV-F-06-0090 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, |
| vs. | WITH LEAVE TO AMEND |
| E. ROCHA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support

of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I.   Discussion

   A.   Plaintiff's Allegations

Plaintiff alleges that on September 4, 2003, he was injured at a prison job in Folsom, California. As a result, in March 2004, he was transferred to Avenal State Prison. After undergoing surgery, his physician ordered that he be transferred to California Medical Facility (CMF) to receive proper physical therapy. Plaintiff alleges that on August 29, 2005, he filed a request for wheelchair transportation via a van to CMF. On September 14, 2005, his appeal was partially granted by defendants B.J. Hill and E. Rocha in that he was granted van transportation, pending bed space at CMF. On October 4, 2005, he had still not been transported and he filed an appeal directly with Warden Mendoza-Powers.

On October 17, 2005, he was instructed to pack his property and report to "R&R" for transfer. Plaintiff states that several inmates assisted him but upon arrival at R&R he was told that he was being transferred by bus and if he could not walk on the bus unassisted, he would have to go back to his dorm. Staff told plaintiff they knew nothing about a van transport and their paperwork showed he was to be transported by bus. Plaintiff states that he was humiliated when he had to go back to his dorm.

Later the same day, he was again instructed to report to R&R where he waited for one hour before he was told that he would not be transferred that day. Plaintiff alleges that he thereby lost his bed space at CMF. Plaintiff was finally transferred to CMF on December 12, 2005.

Plaintiff names Correctional Counselors E. Rocha and Stiles; Associate Warden B.J. Hill; and and Warden Mendoza-Powers as defendants. Plaintiff alleges that defendants violated his rights under the Americans with Disabilities Act by failing to provide him van transportation thereby causing him to lose his bed space at CMF and delaying his medical treatment. Plaintiff also alleges defendants were

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

   B.  Americans With Disabilities Act

  Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. The United States Supreme Court has recently determined that Title II of the ADA unambiguously applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . .

  "Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity." Roundtree v. Adams, 2005 WL 3284405 (E.D. Cal. 20050) *citing* Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000). The term "public entity," "as it is defined within the statute, does not include individuals." Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); see also 42 U.S.C. § 12131(1). "In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); *accord* Miller v. King, 384 F.3d 1248, 1276-77 (11th Cir. 2004); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); Montez v. Romer, 32 F.Supp.2d 1235, 1240-41 (D. Colo. 1999) (finding that individual liability does not exist under the ADA); Butler v. City of Prarie Village, 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Gallo v. Bd of Regents of the University of California, 916 F.Supp. 1005, 1009 (S.D. Cal. 1995.)

  Accordingly, Plaintiff's ADA claim for relief against Defendants, all of whom are individuals, is not cognizable. Moreover, plaintiff does not allege that he was "denied" a benefit. While his accommodation was delayed, plaintiff was ultimately transferred to CMF.

///

B.     Eighth Amendment Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff has not made sufficient allegations against the named defendants to state a cognizable claim for deliberate indifference to a serious medical need. Indeed, plaintiff alleges that the named defendants granted his appeals for special transportation to CMF. Plaintiff does not indicate that the delay was the fault of the named defendants. Even if defendants were somehow responsible for the delay in plaintiff's transfer, that delay would have to have been caused by deliberate difference on the part of the defendants rather than mere negligence. Plaintiff's makes no such alelgations. As alleged, plaintiff's claims are not cognizable under the Eighth Amendment. There is no indication that these

defendants had any control over the timing of plaintiff's transfer and it appears their only involvement was the granting of plaintiff's request for special transportation arrangements.

### C. Conclusion

The court finds that plaintiff has failed to state cognizable claims for relief against the named defendants. The court will, by this order, dismiss plaintiff's complaint, and provide plaintiff the opportunity to file an amended complaint, if plaintiff believes in good faith that he can cure the deficiencies identified in this order.

If plaintiff chooses to file an amended complaint, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint;
3. The amended complaint shall bear the caption "Amended Complaint;" and
4. If plaintiff fails to file an amended complaint in compliance with this order, the Court shall recommend that this action be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 20, 2006**            /s/ **Dennis L. Beck**
3b142a                                                           UNITED STATES MAGISTRATE JUDGE

5