IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | CASE NO. 1:06-cv-00090 LJO DLB PC |
| Plaintiff, | ORDER DIRECTING UNITED STATES MARSHAL TO RE-ATTEMPT SERVICE ON DEFENDANT DAVIS WITHOUT PREPAYMENT OF COSTS |
| vs. | |
| | (Doc. 21) |
| E. ROCHA et al., | |
| Defendants. | |

Plaintiff Elonza Jesse Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on December 15, 2006. On October 11, 2007, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. Plaintiff submitted the required documents on November 2, 2007, and on November 21, 2007, the court directed the United States Marshal to initiate service on five defendants. The Marshal was unable to locate and serve defendant Davis. On January 28, 2008, the Marshal returned the USM-285 form to the court.

///

///

>Pursuant to Rule 4(m),
>
>[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and the response given to the Marshal to date is insufficient to allow the court to discharge this duty on the ground that defendant Davis cannot be located. For this reason, the court must direct the Marshal to re-attempt service on defendant Davis. **If the institution is unable to locate this**

2

**defendant, the Marshal shall contact the Legal Affairs Division and request the assistance of a special investigator.**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshal:

    (1) One completed and issued summons for <u>each</u> defendant to be served;

    (2) One completed USM-285 form for <u>each</u> defendant to be served;

    (3) One copy of the amended complaint filed on December 15, 2006 for <u>each</u> defendant to be served, plus an extra copy for the Marshal;

    (4) One copy of this order for <u>each</u> defendant to be served, plus an extra copy for the Marshal; and

    (5) One copy of the court's consent form for <u>each</u> defendant to be served;

2. Within ten days from the date of this order, the United States Marshal is directed to notify the following defendant of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **R. DAVIS, M.D.**

3. The U.S. Marshal is directed to retain the summons and a copy of the complaint in their file for future use.

4. The United States Marshal shall file the returned waiver of service, or the request for waiver if it is returned as undelivered, as soon as it is received.

5. **In attempting to locate defendant Davis, if the institution is unable to provide assistance, the Marshal shall contact the Legal Affairs Division and request**

**the assistance of a special investigator.**

6. If a waiver of service is not returned by Defendant Davis within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

   b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that defendant Davis makes an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve defendant.

8. In the event that defendant Davis either waives service or is personally served, defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **February 26, 2008**            /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE