# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELONZA JESSE TYLER, | 1:06-cv-00090-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT STILES FROM ACTION, WITHOUT PREJUDICE |
| vs. | |
| E. ROCHA, et al., | (Docs. 27, 29, 30) |
| Defendants. | |

Plaintiff Elonza Tyler ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on December 16, 2006. (Doc. 11.) On October 12, 2007, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. (Doc. 13.) Plaintiff submitted the required documents on November 2, 2007, and on November 21, 2007, the court directed the United States Marshal to initiate service on five defendants. (Docs. 14, 15.) Four of the five defendants subsequently made an appearance in this action. However, the Marshal was unable to locate and serve defendant Stiles, and on February 21, 2008, the Marshal returned the USM-285 form to the court. (Doc. 22.) On March 7, 2008, the court ordered plaintiff to show cause within thirty days why defendant Stiles should not be dismissed from this action. (Doc. 25.) Plaintiff filed responses to the order on March 10,

17 and 21, 2008 (Docs. 27, 29, 30.).

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Stiles is no longer accurate as the defendant retired, and the forwarding address indicated in CDCR's records is no longer accurate. (Doc. 22.) Plaintiff was provided with the opportunity to show cause why defendant Stiles should not be dismissed from the action, and on March 10, 2008, plaintiff filed motions for a court order directing the CDCR and the State Medical Board to produce defendant Stiles' employment and home addresses. (Docs. 27, 29). On March 21, 2008, plaintiff filed a further response to the court's order to show cause, stating that he is unable to locate defendant Stiles, and would not object to the undersigned's recommendation to dismiss defendant Stiles from the action, without prejudice. (Doc. 30).

///

The address on file at CDCR for defendant Stiles is no longer accurate. With respect to the State Medical Board officials, the Court has no jurisdiction over state officials. 28 U.S.C. § 1651; see also Demos v. United States Dist. Court for E. Dist. Of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991). Even if the court could order the State Medical Board to assist, plaintiff states in his complaint that defendant Stiles is a Correctional Counselor, and it is unclear how such a court order directed at the State Medical Board would be of any assistance.

Accordingly, it is HEREBY RECOMMENDED that plaintiff's motions for a court order compelling the State Medical Board and the CDCR to produce defendant Stiles' address be denied, and that pursuant to Fed. R. Civ. P. 4(m), defendant Stiles be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 3, 2008**              **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE